UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIS PATTON,

    Plaintiff,

v.                                                Case No. 2:04-cv-297
                                                HON. R. ALLAN EDGAR

DAVID DENBESTE,

    Defendant.
_____/

**MEMORANDUM AND ORDER**

      Plaintiff Willis Patton, a state prisoner in the custody of the Michigan Department of Corrections (MDOC), brings this *pro se* civil rights action against defendant David DenBeste under 42 U.S.C.§ 1983 seeking to recover compensatory and punitive damages. At all times relevant to this case, the defendant was employed by MDOC as a prison corrections officer. In the complaint [Doc. No. 1], plaintiff Patton pleads that he is suing defendant DenBeste in both the defendant's individual capacity and official capacity as a MDOC employee.

      This case is scheduled for trial. After further reviewing the record, the Court concludes that all of the plaintiff's claims for compensatory and punitive damages brought against the defendant under 42 U.S.C. § 1983 in the defendant's official capacity must be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff may proceed to trial only on his claims against defendant DenBeste in the defendant's individual capacity.

MDOC is an agency and department of the State of Michigan. A lawsuit against the defendant under 42 U.S.C. § 1983 in his official capacity as an employee of MDOC is in effect the same as bringing suit against MDOC and the State of Michigan. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003); *Mumford v. Basinski*, 105 F.3d 264, 270 n. 8 (6th Cir. 1997); *Pusey v. City of Youngstown*, 11 F.3d 652, 657-58 (6th Cir. 1993); *Hardin v. Straub*, 954 F.3d 1193, 1198-99 (6th Cir. 1992); *Leach v. Shelby County Sheriff*, 891 F.3d 1241, 1245 (6th Cir. 1989); *Green v. Metrish*, 2006 WL 2506191, * 2 (W.D. Mich. Aug. 29, 2006).

There are two reasons why plaintiff Patton cannot maintain a 42 U.S.C. § 1983 civil rights action against MDOC and the State of Michigan by suing a MDOC employee in that employee's official capacity. First, the State of Michigan and its employees or agents acting in their official capacities are not "persons" subject to suit under 42 U.S.C. § 1983. *Will*, 491 U.S. at 71; *Gean*, 330 F.3d at 766; *Moore v. McGinnis*, 182 F.3d 918 (Table, text in 1999 WL 486639, * 1 (6th Cir. June 28, 1999)); *Pusey*, 11 F.3d at 657-58; *Green*, 2006 WL 2506191, at * 3; *Burnett v. Michigan Department of Corrections*, 2006 WL 1547248, * 2 (W.D. Mich. June 5, 2006).

Second, the Eleventh Amendment to the United States Constitution provides sovereign immunity for the States. The Eleventh Amendment bars suits for money damages against the State of Michigan and its MDOC employees acting in their official capacities, unless either: (1) the United States Congress expressly abrogates Eleventh Amendment immunity by federal statute; or (2) the State of Michigan gives its unequivocal, express consent to being sued under 42 U.S.C. § 1983 and waives its Eleventh Amendment sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman*,

465 U.S. 89, 98-101 (1984); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004); *Johnson v. Unknown Irvine*, 79 Fed. Appx. 154, 155 (6th Cir. Oct. 24, 2003); *Nelson v. Miller*, 170 F.3d 641, 646 (6th Cir. 1999); *McGinnis*, 1999 WL 486639, at * 1; *Doe v. Wigginton* 21 F.3d 733, 736-37 (6th Cir. 1994); *Green*, 2006 WL 2506191, at * 3; *Secord v. Michigan Department of Corrections*, 2006 WL 2035301, * 2 (W.D. Mich. July 18, 2006); *Burnett*, 2006 WL 1547248, at * 2; *Henderson v. Michigan Department of Corrections*, 2006 WL 958743, * 1 (W.D. Mich. April 10, 2006); *Webb v. Caruso*, 2006 WL 416261, * 3 (W.D. Mich. Feb. 22, 2006).

It is well settled that Congress has not abrogated Eleventh Amendment immunity for the States in civil actions brought under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341, 345 (1979); *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993); *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir. 1990); *Green*, 2006 WL 2506191, at * 3; *Secord*, 2006 WL 2035301, at * 2; *Henderson*, 2006 WL 958743, at * 1; *Webb*, 2006 WL 416261, at * 3.

Moreover, the State of Michigan has not waived its Eleventh Amendment immunity from suit in actions brought under 42 U.S.C. § 1983. The State of Michigan has not consented to being sued in the federal courts for money damages under 42 U.S.C. § 1983 by plaintiff Patton. *Johnson*, 357 F.3d at 545; *Hill v. Michigan*, 62 Fed. Appx. 114, 115 (6th Cir. 2003); *McGinnis*, 1999 WL 486639, at * 1; *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986); *Green*, 2006 WL 2506191, at * 3; *Secord*, 2006 WL 2035301, at * 2; *Burnett*, 2006 WL 1547248, at * 2; *Henderson*, 2006 WL 958743, at * 1; *Webb*, 2006 WL 416261, at * 3.

Accordingly, to the extent that plaintiff Patton pleads any claims for compensatory and punitive damages against defendant DenBeste under 42 U.S.C. § 1983 in the defendant's official capacity as an employee of Michigan and MDOC, all such claims are hereby **DISMISSED WITH**

**PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

SO ORDERED.

Dated: June 1, 2007.

                                              /s/ R. Allan Edgar
                                            R. ALLAN EDGAR
                                         UNITED STATES DISTRICT JUDGE